IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **PILLAR CONSTRUCTION, INC.**<br>5649-S General Washington Drive<br>Alexandria, Virginia 22312 | * * | |
| Plaintiff, | * | |
| v. | * | Case No. _____ |
| **WATERFRONT 1001 4TH STREET, LLC**<br>50 Public Square, Suite 1360<br>Cleveland, Ohio 44113 | * * | |
| SERVE:<br>    Corporation Service Company<br>    1090 Vermont Ave., NW<br>    Washington, D.C.  20005<br>    Registered Agent | * * * | |
| and | * | |
| **JAMES G. DAVIS CONSTRUCTION CORP.**<br>12530 Parklawn Drive<br>Rockville, MD 20852 | * * | |
| SERVE:<br>    CT Corporation System<br>    1015 15th Street, NW<br>    Washington, D.C.  20005<br>    Registered Agent | * * * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT TO ESTABLISH AND ENFORCE MECHANIC'S LIEN

Plaintiff, Pillar Construction, Inc., ("Pillar"), by undersigned counsel, for its Complaint to Establish and Enforce Mechanic's Lien against Waterfront 1001 4th Street, LLC ("Waterfront") and James G. Davis Construction Corporation ("Davis"), respectfully states as follows:

## **THE PARTIES**

1. Pillar is a Virginia company engaged in the business of general contracting work within the construction industry. Pillar's business address is 5649-S General Washington Drive, Alexandria, Virginia 22312. Pillar is duly registered and licensed to conduct business in the District of Columbia.

2. Waterfront is a District of Columbia limited liability company with a principal place of business located in Cleveland, Ohio and is registered to do business in the District of Columbia.

3. Waterfront is the owner of the real property at issue in this litigation located in the District of Columbia, and described as Square 542 and Lot 828, shown in Assessment and Taxation Plat No. 3838B, with a street address of 1001 4th Street, SW, Washington D.C. 20024 (the "Property"). The apartment building located on the property is known as the Eliot on 4th.

4. The property was conveyed to Waterfront by Special Warranty Deed dated September 15, 2008 from the District of Columbia recorded with the Recorder of Deeds for the District of Columbia in Document No. 2008099328. A true and correct copy of the Special Warranty Deed obtained from land records is attached hereto and incorporated herein by reference as **EXHIBIT 1**.

5. Davis is a general contractor in the construction industry with its principal place of business located in Rockville, Maryland and is registered to do business in the District of Columbia. As required by the District of Columbia Mechanic's Lien Statute, Section 40-303.08, because Davis was the principal contractor for the construction project located on the Property at issue in this litigation, Davis has been named as a party defendant to this action. No claim is asserted against Davis herein.

### Jurisdiction

6. This Court has jurisdiction over the claims asserted herein in accordance with 28 U.S.C. § 1332 because there is complete diversity of citizenship among the parties to this action and the amount in controversy is in excess of $75,000.00.

7. This Court has personal jurisdiction over Waterfront by virtue of its interest in the real property and construction project at issue in this litigation located in the District of Columbia.

8. This Court has personal jurisdiction over Davis by virtue of it transacting business and contracting to supply services in the District of Columbia.

### Factual Background

9. Davis entered into a contract with Waterfront (the "Prime Contract") for the construction of the building located on the Property (the "Project").

10. Davis entered into a subcontract with Pillar (the "Subcontract") pursuant to which Pillar performed drywall installation, metal framing, terracotta tile, air barrier and EIFS work required by the Prime Contract for the Project.

11. Pillar performed its work as required by its Subcontract as well as directed change work during the period between June 15, 2015 through August 11, 2017.

12. Pillar remains unpaid for work performed and labor, material and services provided on the Project in the amount of $1,532,750.46, calculated as follows:

| | |
|---|---|
| Original Contract Amt | $8,425,000.00 |
| Approved Change Orders | $473,661.57 |
| Total Adjusted Approved Contract Amt | $8,898,661.57 |
| Total Pending Change Order Amt | $768,973.61 |
| Total Earned | $9,667,635.18 |
| Paid to Date | ($8,134,884.72) |
| Total Due | $1,532,750.46 |

13. All conditions precedent to the filing of this action have occurred or were waived by the Defendants.

## COUNT I

**(Establishment and Enforcement of Mechanic's Lien)**

14. The allegations set forth in paragraphs 1-13 above are incorporated herein by reference as if set forth in full.

15. On September 27, 2017 within the time and in the manner prescribed by statute, Plaintiff filed a Notice of Mechanic's Lien in the Office of the Recorder of Deeds for the District of Columbia, the same being recorded at Instrument Number 2017107000 (the "Notice"). A true and accurate copy of the Notice is attached hereto as **Exhibit 2** and incorporated herein by reference.

16. Copies of the Notice were sent to Waterfront and its resident agent and received by Waterfront via certified mail on October 2, 2017 at its address (as listed on the face of the Notice and as shown in the tracking information). A true and accurate copy of the certified mailing receipts are attached hereto as **Exhibit 3**.

17. Waterfront/Davis are indebted to Pillar in the amount of $1,532,750.46, plus interest and costs for labor and materials supplied to the Project and the Property by Pillar.

18. Waterfront/Davis have failed to pay the $1,532,750.46 due for labor and materials supplied to the Project and the Property by Pillar.

19. The Notice was recorded during the Project and therefore before 90 days after the earlier of the completion or termination of the project.

20. This Complaint is filed in the manner and within the time prescribed by statute.

**WHEREFORE**, Pillar Construction, Inc. respectfully requests this Court Order the following:

    a.    Pillar Construction, Inc.'s mechanic's lien in the amount of $1,532,750.46, plus interest and costs, to be established and to remain a lien of record;

    b.    Enter judgment in favor of Pillar Construction, Inc. as to the validity, priority and amount of Pillar Construction, Inc's mechanic's lien;

    c.    The sale of Waterfront 1001 4th Street, LLC's interest in the Property with the proceeds of the sale applied to the satisfaction of Pillar Construction, Inc.'s mechanic's lien; and

    d.    Grant such other and further relief as the Court may deem just and equitable.

    Respectfully submitted,

Date: October 19, 2017    BY:  /s/ Nicole L. Campbell
    Roger C. Jones, D.C. Bar #994634
    Nicole L. Campbell, D.C. Bar #498490
    Huddles Jones Sorteberg & Dachille, P.C.
    10211 Wincopin Circle, Suite 200
    Columbia, Maryland 21044
    (410) 720-0072 (Telephone)
    (410) 720-0329 (Facsimile)
    jones@constructionlaw.com
    campbell@constructionlaw.com

    Attorneys for Plaintiff, Pillar Construction Inc.